FILED

UNITED STATES DISTRICT COURT 2006 MAR 28 A 10:10
DISTRICT OF CONNECTICUT

COMPLAINT

JACK BRION WRIGHT
168 LONG RIDGE ROAD         : PLAINTIFF
DANBURY, C.T. 06810

V.                                                    CASE NO._____

MARY R. MAHONEY                         306CV475AVC
351 WORTH AVENUE
PALM BEACH, FLORIDA 33480

DR. NEVILLE MARKS             :DEFENDANTS
125 WORTH AVENUE
PALM BEACH, FLORIDA 33480

CYNTHIA KIRKWOOD
C/O JOHN B. DONALDSON
4984 FULLER FARM ROAD
WARREN, V.T. 05674

---

A. PARTIES

1. PLAINTIFF JACK B. WRIGHT IS A CITIZEN OF CONNECTICUT WHO PRESENTLY RESIDES AT 168 LONG RIDGE ROAD, DANBURY, C.T. 06810

2. DEFENDANT, MARY MAHONEY IS A CITIZEN OF FLORIDA WHOSE BUSINESS ADDRESS IS 351 WORTH AVENUE, PALM BEACH, FLORIDA 33480.

3. DEFENDANT, DR. NEVILLE MARKS IS A CITIZEN OF FLORIDA WHOSE BUSINESS ADDRESS IS 125 WORTH AVENUE, PALM BEACH, FLORIDA 33480.

4. CYNTHIA KIRKWOOD IS A RESIDENT OF VERMONT WHOSE LAST KNOWN ADDRESS FOR CONTACT IS C/O JOHN DONALDSON, 4984 FULLER FARM ROAD, WARREN, V.T. 0567

(1.)

## B. JURISDICTION

1.) DIVERSITY JURISDICTION STATUTE 28 U.S.C. & 1332

a.) The matter in controversy exceeds $75,000 exclusive of interests and costs and is between the following parties:

b.) The plaintiff and all the defendants are citizens of different states
[ 28 U.S.C. & 1332 (a) (1)]

c.) The pleadings are as follows:

PLAINTIFF: JACK WRIGHT , 168 LONG RIDGE ROAD DANBURY,C.T. 06810

DEFENDANTS: ARE ALL RESIDENTS OF EITHER FLORIDA OR VERMONT :

[SIMMONS V. ROSENBERG, 572 F. SUPP 823, 825 (E.D.N.Y. 1983) ]

MARY MAHONEY, 351 WORTH AVE., PALM BEACH FL .33480

DR. NEVILLE MARKS, 125 WORTH AVE. , PALM BEACH,FL. 33480

CYNTHIA KIRKWOOD, C/O JOHN B. DONALDSON, 498 FULLER FARM RD. WARREN , VERMONT 05674

THE AMOUNT IN CONTROVERSY IS $2,500,000.00

[SEE VIDEO CONNECTION OF AM.,INC. V. PRIORITY CONCEPTS, INC., 625 F.SUPP. 1549, 1550 (S.D.N.Y. 1986)]

2.) ACTIONS UNDER FEDERAL TORTS CLAIM ACT [28 U.S.C. & 1402 (b)]

a.) an action under the Federal Torts Claims Act may be brought in the judicial district where the plaintiff resides and the act or omission giving rise to the claim occurred.

(2.)

## C. NATURE OF THE CASE

SIX YEARS AGO, (AUGUST 1999) DR. NEVILLE MARKS (PSYCHIATRIST) INTERVIEWED JACK WRIGHT FOR 1/2 HOUR AND ASKED HIM TO FILL OUT A MULTIPLE CHOICE QUESTIONAIRE. THIS WAS IN THE SERVICE OF RELATIONSHIP COUNSELING DR. MARKS WAS PERFORMING FOR JACK WRIGHT AND MARY MAHONEY WHO HAD A SEVEN YEAR RELATIONSHIP PRIOR TO THE COUNSELING. UPON THE COMPLETION OF THIS COUNSELING THE RELATIONSHIP DISCONTINUED WITH DEFENDANT MARY MAHONEY AND THE PLAINTIFF.

DURING 1999 AND 2000 THE PLAINTIFF STARTED TO HEAR FEEDBACK FROM CLIENTS AND FREINDS THAT DR. MARKS HAD STATED TO MARY MAHONEY, AND THAT IN TURN, MARY MAHONEY WAS STATING TO THE ENTIRE COMMUNITY THAT THE PLAINTIFF "JACK WRIGHT WAS DANGEROUS, THAT HIS MULTIPLE CHOICE TEST IDENTIFIED HIM AS SO, AND THAT DR. MARKS WAS THE PSYCHIATRIST ASSIGNED BY THE STATE OF FLORIDA TO TEST AND EVALUATE TED BUNDY THE MASS MURDERER, AND IN SOME WAY THAT QUALIFIED HIS OPINION ON JACK WRIGHT".

THIS INFORMATION WAS DISTRESSING AT THE TIME. LIKE MOST REASONABLE PEOPLE, THE PLAINTIFF THOUGHT, AND WAS ADVISED TO LET IT RUN IT'S OWN COURSE AND FADE AWAY. THIS WAS DIFFICULT AND IN THOSE FIRST FEW YEARS, IN JACK WRIGHT'S BUSINESS MARKET OF PALM BEACH FLORIDA, THERE WAS AN ABRUPT LOSS OF HUNDREDS OF CLIENTS , PRESUMABLY TO THIS RUMOR AND CREATIVE EXTENSIONS AND ADDITIONS TO THIS RUMOR, INVENTED AND DELIVERED WITH VIGOR BY MARY MAHONEY INTO THE SMALL COMMUNITY OF THE WEALTHY ALONG THE EAST COAST OF THE U.S..

CONSIDERING THAT THE STATUTE OF LIMITATIONS APPLIES TO ACTIONS SIX OR SEVEN YEARS AGO BY DEFENDANTS MARY MAHONEY AND DR. NEVILLE MARKS, THE FOCUS OF THIS CASE SHIFTS TO ACTIONS

(3.)

IN THE LAST YEAR BY ALL THREE OF THE DEFENDANTS AND OTHER ASSOCIATES OF THE DEFENDANTS . THIS EFFORT ON THE PART OF DEFENDANTS DR. NEVILLE MARKS AND MARY MAHONEY, DID NOT DIMINISH, AND IN FACT IN THE LAST YEAR ALONE THERE HAS BEEN A MULTITUDE OF EFFORTS DESIGNED TO TORTIOUSLY INTERFERE WITH PLAINTIFF JACK WRIGHT'S BUSINESS, "EXTRAORDINARY" EFFORT TO INVADE THE RIGHT OF PRIVACY OF THE PLAINTIFF, EVEN IN HIS MOST MEANINGFUL PERSONAL RELATIONSHIPS, INCLUDING WITH HIS CHILDREN. THESE EFFORTS INCLUDE DEFAMATION IN THREE DIFFERENT COMMUNITIES IN TWO DIFFERENT STATES THE CLIENT HAS LIVED IN AND WORKED IN DURING THE LAST YEAR. TWO IN CONNECTICUTT AND ONE IN VERMONT.

     BOTH DEFENDANTS, MARY MAHONEY AND DR. NEVILLE MARKS EXHIBITED GROSS MALICIOUS INTENT IN THEIR EFFORTS TO DO THIS SLANDER WELL OVER 1500 MILES AWAY FROM THEIR OWN DOMICILE AND BUSINESS LOCATIONS. THE DEFENDANTS HAVE SET OUT TO INTENTIONALLY  INFLICT EMOTIONAL DISTRESS UPON THE PLAINTIFF WITH DISREGARD, AND THEY HAVE BEEN SUCCESSFUL.
THE NATURE OF THIS CASE IS MAGNIFIED BY THE FACT THAT THE PLAINTIFF WAS CONVICTED IN APRIL 2005 OF LARCENY IN THE 1ST IN REGARDS TO MONIES OWED TO CLIENTS IN THE ART BUSINESS. THE SENTENCE BY THE COURT OF NEW YORK CITY REQUIRED THAT THE PLAINTIFF  PAY A LARGE DOWNPAYMENT ($120,000.00) AND THEN PAY MONTHLY PAYMENTS IN RESTITUTION OF $12,162.78 PER MONTH  TO THE DEPARTMENT OF PROBATION IN NEW YORK. BY THE NATURE OF THE SIZE OF THE PAYMENTS, IT IS NECCESARY AND ALLOWED THAT THE PLAINTIFF SHOULD PRODUCE THESE MONIES IN THE ART BUSINESS. THIS IS THE BUSINESS IN WHICH THE PLAINTIFF HAS AT BEST A FRACTURED REPUTATION AND FEW REMAINING CLIENTS ON WHICH TO PRODUCE THESE DESIRED RESULTS. THE PLAINTIFF HAS DELIVERED TO

(4.)

THE COURT IN NEW YORK OVER $220,000.00 IN 9 MONTHS. RECENT EVENTS IN THE LAST YEAR, SET IN MOTION BY DEFENDANT'S MARY MAHONEY AND DR. NEVILLE MARKS, DAMAGE THE ABILITY OF THE PLAINTIFF IN MEETING HIS OBLIGATIONS TO THE COURT. THE PLAINTIFF,IN PREPARING TO REPRESENT HIMSELF ON A PRO-SE BASIS, HAVING STUDIED THE STATUTES IN REGARDS TO SLANDER AND DEFAMATION, RECOGNIZES THAT THE NATURE OF THESE LAWS WERE DESIGNED TO PROTECT THOSE IN OUR SOCIETY WITH "GOOD" IF NOT" IMPECCABLE "REPUTATIONS.

THEREFORE, THIS CASE PRESENTS UNIQUE CHALLENGES IN THE FACT THAT THE PLAINTIFF HAS A DAMAGED OR FRACTURED REPUTATION. THE QUESTION IS, "WHAT RIGHTS DOES THE PLAINTIFF ( A CONVICTED FELON) RETAIN TO PROTECT HIS REMAINING REPUTATION FROM MALICIOUS AND UNTRUE RUMORS THAT HAVE NO APPROPRIATE FOUNDATION. RUMORS THAT ARE SO OBVIOUSLY DESIGNED AND DELIVERED WITH EXTRAORDINARY EFFORT ON THE PART OF THE DEFENDANTS, WITH THE INTENTION TO DENY THE PLAINTIFF HIS CAPABILITY IN BUSINESS AND COMMERCE, AND IN FACT TO DENY THE PLAINTIFF HIS PURSUIT OF LIFE ,LIBERTY, AND HAPPINESS.

THE PLAINTIFF IN PRESENTING THE FOLLOWING CAUSES OF ACTION PRAYS THAT THE COURT UNDERSTANDS THAT THESE FACTS PRESENTED IN AFFIDAVIT FORM ARE THE ONLY ONES THAT THE PLAINTIFF MAY STATE IN FACT. THIS MAY REPRESENT ONLY A SMALL FRACTION OF THE REAL EFFORT MADE BY THE DEFENDANTS THAT WILL COME TO LIGHT IN DISCOVERY.

THEREFORE , THE PLAINTIFF PRAYS THAT IF HIS RIGHTS UNDER A FEDERAL STATUTE HAVE BEEN VIOLATED BY THE DEFENDANTS, THAT THERE MAY BE REDRESS, COMPENSATION FOR DAMAGES, AND PROTECTION FROM SUCH WRONGFUL ACTIONS IN THE FUTURE.

## D. CAUSE OF ACTION

I ALLEGE THAT THE FOLLOWING OF MY CONSTITUTIONAL RIGHTS, PRIVILEGES, OR IMMUNITIES OR MY RIGHTS UNDER A FEDERAL STATUTE HAVE BEEN VIOLATED AND THAT THE FOLLOWING FACTS FORM THE BASIS OF MY ALLEGATIONS:

CLAIM 1 :   INTENTIONAL TORTIOUS INTERFERENCE WITH BUSINESS (28 USCS 2680 329 )  ON OR ABOUT DECEMBER 20, 2005 , MARY MAHONEY SPOKE TO NUNA TEAL , 555 CAMEL'S HUMP ROAD, HUNTINGTON,VERMONT , A BUSINESS ASSOCIATE OF PLAINTIFF, JACK WRIGHT, WITH THE INTENTION TO DEFAME AND INTERFERE WITH THE CONTINUITY OF A BUSINESS RELATIONSHIP WITH NUNA TEAL.  TO WIT MARY MAHONEY STATED
"JACK WRIGHT IS DANGEROUS, AND I WOULD MAKE ARRANGEMENTS TO LEAVE YOUR PROPERTY AND BE FAR AWAY FROM THE PLAINTIFF , JACK WRIGHT. DR. NEVILLE MARKS TALKED TO JACK WRIGHT 7 YEARS AGO FOR 1/2 HOUR AND HE WAS THE PSYCHIATRIST FOR TED BUNDY IN FLORIDA (THE MASS MURDERER) . DR. MARKS GAVE JACK WRIGHT A MULTIPLE CHOICE TEST AND THAT TEST 7 YEARS AGO DEFINED JACK WRIGHT AS A DANGEROUS PERSON."  MARY MAHONEY SAID THIS WITH EMPHASIS AND ALSO GAVE NUNA TEAL THE PHONE NUMBER OF ELEANOR MILLER TO CALL FOR SUPPORT OF HER OPINION.

CLAIM 2 : INTENTIONAL TORTIOUS INTERFERENCE WITH BUSINESS (28 USCS 2680  329)   ON OR ABOUT FEBRUARY 2005 THROUGH APRIL 2005 , MARY MAHONEY SPOKE REPEATEDLY WITH HOWARD RUSSECK OF RUSSECK GALLERY IN PALM BEACH FLORIDA AND WAS STATING CONTINUOUS DEFAMING COMMENTS TO HOWARD RUSSECK IN THESE CONVERSATIONS. JACK WRIGHT HAS DONE   OVER $1,000,000.00 IN

(6.)

BUSINESS WITH HOWARD RUSSECK IN PRIOR YEARS. THERE HAS BEEN NO BUSINESS TRANSACTION DONE WITH HOWARD RUSSECK IN THE LAST 12 MONTHS.THIS WAS REPORTED TO PLAINTIFF BY MR. RUSSECK.

CLAIM 3 : INTENTIIONAL TORTIOUS INTERFERENCE WITH BUSINESS (28 USCS 2680 329) LIBEL, SLANDER, AND DEFAMATION (28 USCS 2680 328) INVASION OF PRIVACY ( 28 USCS 2680 330)

ON OR ABOUT MAY AND JUNE 2005 MARY MAHONEY HAD REPEATED CONVERSATIONS WITH ELEANOR MILLER , 60 MILLER ROAD, PRESTON C.T. 06365 WITH THE INTENTION OF HARMING THE BUSINESS RELATIONSHIP AND PERSONAL RELATIONSHIP OF THE PLAINTIFF AND ELEANOR MILLER. MARY MAHONEY STATED THAT JACK WRIGHT WAS DANGEROUS AND REPEATED ACCUSATIONS THAT IT WAS ABLE TO BE PROVEN BY DR. NEVILLE MARKS OPINION. AFTER THESE CONVERSATIONS, ELEANOR MILLER DISCONTINUED ALL PERSONAL RELATIONS WITH THE PLAINTIFF AND CEASED ALL BUSINESS RELATIONS WITH THE PLAINTIFF. ELEANOR MILLER WAS AN ARTIST THAT THE PLAINTIFF REPRESENTED. AS A RESULT OF THESE CONVERSATIONS, ELEANOR MILLER HAD CONVERSATIONS WITH CYNTHIA KIRKWOOD OF WAITSFIELD VERMONT IN MAY AND JUNE OF 2005 AND CYNTHIA KIRKWOOD ALSO DISCONTINUED RELATIONS WITH JACK WRIGHT. CYNTHIA KIRKWOOD WAS AN ARTIST REPRESENTED BY PLAINTIFF JACK WRIGHT. ELEANOR MILLER ALSO TOLD THIS RUMOR TO HER FAMILY AND FREINDS IN THE COMMUNITY OF PRESTON C.T. WHERE THE PLAINTIFF LIVED AND THE RESULT WAS AN INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AS THE PLAINTIFF WAS SHUNNED FROM THE COMMUNITY. ELEANOR MILLER ALSO PASSED ON THIS RUMOR ORIGINATING FROM MARY MAHONEY TO SEVERAL OF THE CHILDREN OF JACK WRIGHT. ALL OF THESE PEOPLE AFFECTED BY THE DEFAMATION AT THE HANDS OF

(7.)

MARY MAHONEY WERE FULLY INFORMED AND AWARE OF THE LEGAL STATUS OF JACK WRIGHT AS A CONVICTED FELON BEFORE THEY HAD ANY CONTACT WITH THIS RUMOR. ELEANOR MILLER TOLD JACK WRIGHT IN MAY 2005 OF THESE CONVERSATIONS WITH MARY MAHONEY,

CLAIM 4 : INTENTIONAL TORTIOUS INTERFERENCE WITH BUSINESS (28 USCS 2680 329 ) LIBEL SLANDER AND DEFAMATION (28 USCS 2680 328) INVASION OF PRIVACY ( 28 USCS 330)

ON OR ABOUT MARCH 2005 DR. NEVILLE MARKS , IN THE POSITION OF PSYCHIATRIST TO A PATIENT, ELIZABETH SORELL , 269 ROUND HILL ROAD, GREENWICH C.T. , FULLY STATED HIS OPINION ON JACK WRIGHT TO HIS CLIENT ELIZABETH SORREL . ELIZABETH SORREL REPEATED THIS TO JACK WRIGHT, THE PLAINTIFF, IN A CONVERSATION IN MARCH 2005. TO WIT , THE DR, NEVILLE MARKS STATED THAT HE HAD TALKED TO JACK WRIGHT IN 1999 AND GIVEN JACK WRIGHT A MULTIPLE CHOICE TEST AND IN HIS OPINION HE STATED THAT JACK WRIGHT WAS "DANGEROUS" AND SHE SHOULD HAVE NO CONTACT WITH THE PLAINTIFF , JACK WRIGHT. ELIZABETH SORREL WAS A CLOSE FREIND TO JACK WRIGHT AND ALSO A POTENTIAL CLIENT FOR PAINTINGS BY THE ARTIST , DONALD ROLLER WILSON. AFTER THIS CONTACT WITH DR. NEVILLE MARKS , ELIZABETH SORREL DID NOT HAVE CONTACT WITH JACK WRIGHT.

CLAIM 5: LIBEL , SLANDER, DEFAMATION ( 28 USCS 2680 328 )

ON OR ABOUT MAY AND JUNE AND JULY 2005 , CYNTHIA KIRKWOOD , DID MAKE AN EXTRAORDINARY EFFORT TO DEFAME THE PLAINTIFF JACK WRIGHT IN THE COMMUNITIES OF WAITSFIELD AND WARREN AND HUNTINGTON VERMONT. TO WIT THE RUMORS WHICH PASSED THROUGH FROM MARY MAHONEY TO ELEANOR MILLLER TO CYNTHIA KIRKWOOD WERE DISTRIBUTED INTO THE VERMONT COMMUNITIES WHERE THE PLAINTIFF , JACK WRIGHT HAD A RESIDENCE, BY CYNTHIA KIRKWOOD.

### E. REQUEST FOR RELIEF

WHEREFORE, IN DISCOVERY, THE PLAINTIFF BELIEVES THERE WILL BE PRODUCED , OVERWHELMING AMOUNTS OF INFORMATION CONFIRMING THE MAGNITUDE AND SCOPE OF EFFORT MADE BY THE DEFENDANTS OVER A PERIOD OF SEVEN YEARS TO DEFAME, LIBEL , AND SLANDER THE PLAINTIFF. TO INTENTIONALLY , TORTIOUSLY INTERFERE WITH THE PLAINTIFF'S BUSINESS, TO INVADE THE PRIVACY OF THE PLAINTIFF WITH MALICIOUS INTENT FOR THE PURPOSE OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, WHICH HAVE RESULTED IN ADVERSE CONSCEQUENCES FOR THE PLAINTIFF AND A LIMITATION OF THE ABILITY OF THE PLAINTIFF TO MEET HIS OBLIGATIONS TO THE COURT OF NEW YORK, THE PLAINTIFF PRAYS FOR RELIEF IN THE AMOUNT OF ($2,500,000.00

### F. JURY DEMAND

THE PLAINTIFF DOES NOT WISH A JURY TRIAL

PLAINTIFF IN PRO-SE

_____
JACK B. WRIGHT
168 LONG RIDGE ROAD
DANBURY , C.T. 06810  203-246-7548
WRIGHTGALLERY@AOL.COM

### DECLARATION UNDER PENALTY OF PERJURY

THE UNDERSIGNED DECLARES UNDER PENALTY OF PERJURY THAT HE IS THE PLAINTIFF IN THE ABOVE ACTION, THE HE HAS READ THE ABOVE COMPLAINT AND THAT THE INFORMATION CONTAINED IS TRUE AND CORRECT 28 U.S.C. & 1746; 18 U.S.C. & 1621

EXECUTED AT  BRIDGEPORT, C.T.    ON  3/28/2006

JACK B. WRIGHT

(9.)